# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHELLE WOODS and ALFA RAMOS,

    Plaintiffs,

v.                  Case No: 6:16-cv-2038-Orl-28DCI

MITSUBISHI HITACHI POWER SYSTEMS AMERICAS, INC. and SNI COMPANIES CORP.,

    Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. 31)**
>
> **FILED:** February 23, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    BACKGROUND

On November 22, 2016, Plaintiffs filed a Complaint against Defendants alleging a cause of action for an alleged violation of the overtime provisions of the Fair Labor Standards Act (the FLSA). Doc. 1. On January 30, 2017, Defendants answered Plaintiffs' Complaint. Docs. 18; 19. The Court entered a Case Management and Scheduling Order on May 2, 2017. Doc. 23.

On February 23, 2018, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreements (the Agreements). Docs. 31;

31-1. The Agreements provide that Defendants will pay Plaintiff Michelle Woods (Woods) $13,875.00 to settle her FLSA claims: $4,000.00 in unpaid wages, $4,000.00 in liquidated damages, and $5,875.00 in attorney fees. Docs. 31 at 4-5, 5; 31-1 at 2. The Agreements provide that Defendants will pay Plaintiff Alfa Ramos (Ramos) $7,125.00 to settle his FLSA claims: $625.00 in unpaid wages, $625.00 in liquidated damages, and $5,875.00 in attorney fees. Docs. 31 at 4-5, 5; 31-1 at 9. The parties request that the Court review and approve the Agreements, and dismiss this case with prejudice. Doc. 31 at 5.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS

### A. Settlement Amount.

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 18; 19; 31 at 3. In their Motion, the parties represented the following: there is a dispute regarding whether Plaintiffs worked the number of overtime hours alleged, and whether Defendants knew or should have known that Plaintiffs worked the overtime hours alleged; the parties attended an in-person settlement conference; the parties engaged in significant discovery, including the exchange of voluminous

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

documents; the parties engaged in numerous settlement discussions via telephone and electronic mail; and the parties are mindful of the costs and risks associated with continued litigation. Doc. 31 at 3-5.

Based upon the foregoing, the undersigned finds that $8,000.00 for Plaintiff Woods and $1,250 for Plaintiff Ramos is a fair and reasonable settlement amount in this case.[4] Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

B. **The Terms of the Agreement.**

Upon review of the Agreements, the undersigned finds that the terms of the Agreements do not affect the overall reasonableness of the settlement. The Agreements do not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreements do not affect the reasonableness of the settlement.

C. **Attorney Fees and Costs.**

Pursuant to the Agreements, Plaintiffs' counsel will receive a total of $11,750.00 as attorney fees and costs. Docs. 31 at 5; 31-1 at 2, 9. The parties represented that the attorney fees and costs were negotiated separately and without regard to the amounts paid to Plaintiffs. Doc. 31 at 5. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at

---

[4] These figures do not include the amount Defendants will pay to Plaintiffs in attorney fees and costs, which is discussed *infra* at Section III.C.

1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 31) be **GRANTED** as follows:

1. The Agreements (Doc. 31-1) be found to be fair and reasonable settlements of Plaintiffs' FLSA claims;

2. The case be **DISMISSED with prejudice**; and

3. The Clerk be directed to close the case.

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 5, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy